**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MICHAEL TYRONE STURGHISS,<br><br>Plaintiff,<br><br>v.<br><br>M&M INVESTMENT GROUP LLC,<br>FIRST MERCHANTS BANK,<br>PROPERTY PRESERVATION GROUP LLC,<br>LEWIS MAUDLIN,<br>PETER NUGENT,<br>COUNTY OF JOHNSON,<br><br>Defendants. | ) | No. 1:26-cv-00682-TWP-MG |

## ORDER DENYING MOTIONS FOR SCREENING

This matter is before the Court on Defendants Johnson County and Peter Nugent's Joint Motion for Screening of Plaintiff's Complaint for Damages and Injunctive Relief and for Stay of Deadline to Answer Pending Such Screening (Dkt. 20) and Defendant First Merchants Bank's similar, duplicative Motions for Screening of Plaintiff's Complaint for Damages and Injunctive Relief and Motion for Extension of Time to Respond to Complaint (Dkt. 26; Dkt. 28). *Pro se* Plaintiff Michael Tyrone Sturghiss ("Sturghiss") initiated this action in April 2026, alleging the unlawful taking of his property and asserting claims under 42 U.S.C. § 1983 (Dkt. 1). For the reasons explained below, all three Motions for Screening are **denied**.

## I. BACKGROUND

Sturghiss's claims arise out of the tax sale of his property (the "Property") in Johnson County. Sturghiss names as defendants Johnson County, Johnson Superior Court Judge Peter Nugent ("Judge Nugent"), First Merchants Bank ("First Merchants"), the entities that allegedly purchased the Property, M&M Investment Group, LLC, and Property Preservation Group, LLC,

and their attorney, Lewis Maudlin (together, the "M&M Defendants"). Sturghiss's 12-page Complaint asserts one count of deprivation of procedural due process rights (Dkt. 1 ¶¶ 33–38), and one count of deprivation of substantive due process rights, *id.* ¶¶ 39–43. Attached to the Complaint are 37 pages of public records for the Property and from the state court tax sale action (Dkt. 1-1).

On April 22, 2026, Sturghiss paid the filing fee for bringing this action (Dkt. 8), and on June 2, 2026, the Court issued a Notice to Plaintiff Regarding Service of Summons and Complaint (Dkt. 9). Sturghiss filed proposed summonses, which the Clerk then issued, and filed a return of service on August 21, 2026 (Dkt. 12). The M&M Defendants appeared by attorney Maudlin on August 25, 2026, and filed their Answers the same day (Dkt. 13; Dkt. 14; Dkt. 15).[1]

Counsel for Johnson County and Judge Nugent filed their respective appearances on August 31, 2026, and contemporaneously filed the instant Joint Motion for Screening (Dkt. 20), requesting that the Court screen Sturghiss's Complaint under 28 U.S.C. § 1915(e)(2)(B), and stay their deadlines to respond to the Complaint pending screening. On September 3, 2026, Johnson County filed a notice of extension of its deadline to respond to the Complaint until October 1, 2026 (Dkt. 21), and on October 1, 2026, it filed a Motion to Dismiss (Dkt. 29), which remains pending and is not addressed in this Order. Judge Nugent's counsel has not responded to the Complaint and, other than filing the Joint Motion for Screening, has not sought an extension of time to do so.

First Merchants appeared by counsel on September 3, 2026, and contemporaneously filed a notice of extension of its deadline to respond to the Complaint until October 1, 2026 (Dkt. 23). On September 11, 2026, First Merchants filed its first Motion for Screening and request to extend its response deadline (Dkt. 26) and filed an identical second Motion for Screening (Dkt. 28) on

[1] Sturghiss has moved to strike the M&M Defendants' Answers and to disqualify attorney Maudlin (Dkt. 24). That motion is not presently before the Court and is not addressed in this Order.

September 15, 2026. On October 1, 2026, First Merchants filed a Motion to Dismiss (Dkt. 31), which also remains pending and is not addressed in this Order.

It appears Sturghiss mistakenly believes that the Court granted Johnson County and Judge Nugent's Joint Motion for Screening the day it was filed (Dkt. 24 at 10), so he did not file a response to the Joint Motion. However, Sturghiss did file a response to the (non-existent) order granting the Joint Motion, *id.* at 10–12, which the Court construes as Sturghiss's response to the Joint Motion. Sturghiss also filed a response to First Merchants' first Motion for Screening (Dkt. 27), which the Court considers in ruling on both of First Merchants' identical Motions. All three Motions for Screening are therefore ripe for the Court's review.

## II. DISCUSSION

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

In this case, Sturghiss paid the filing fee, so the Court exercised its discretion in deciding not to screen the Complaint, which is coherent, concise, and well-organized. The Motions for Screening raise several arguments regarding the sufficiency of Sturghiss's claims. However, the Motions do not explain why the Court should address these alleged deficiencies *sua sponte* on screening, rather than having Defendants address them in dispositive motions briefing, which would not only conserve judicial resources but also give Sturghiss an opportunity to respond.

Moreover, the Motions for Screening are moot. Screening under § 1915(e)(2)(B) is proper prior to service on defendants. *Rowe*, 196 F.3f at 783. Counsel has appeared for Johnson County, Judge Nugent, and First Merchants, counsel had already been served by the time they requested

screening, negating the benefits of screening. *See O'Howell v. Kussel*, No. 24-C-1668, 2024 WL 5245247, at *1 (E.D. Wis. Dec. 30, 2024) ("Prompt screening of a complaint prior to service, especially when the plaintiff is pro se, serves the important function of protecting putative defendants from the expense of hiring an attorney to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass."). Johnson County and First Merchants' requests for screening have been further mooted by the intermittent filing of their Motions to Dismiss (Dkt. 29; Dkt. 31).

The Motions for Screening are **denied** both because the Court properly exercised its discretion in declining to screen the Complaint before service on Defendants, and because the Motions for Screening are now moot.

## III. CONCLUSION

For the reasons explained above, the Court **DENIES** Johnson County and Judge Nugent's Joint Motion for Screening of Plaintiff's Complaint for Damages and Injunctive Relief and for Stay of Deadline to Answer Pending Such Screening (Dkt. 20) and First Merchants' duplicative Motions for Screening of Plaintiff's Complaint for Damages and Injunctive Relief and Motion for Extension of Time to Respond to Complaint (Dkt. 26; Dkt. 28).

Once the motions to dismiss (Dkts. 29, 31) are fully briefed, the Court will issue rulings in due course.

**SO ORDERED.**

Date: 10/22/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

\

Distribution:

MICHAEL TYRONE STURGHISS
c/o 1695 Farm Meadow Dr
Greenwood, IN 46143

Jacob Garrett Bowman
WILLIAMS BARRETT & WILKOWSKI LLP
jbowman@wbwlawyers.com

Paul Joseph Carroll
Wooton Hoy, LLC
pcarroll@wootonhoylaw.com

Kristen Marie Harrington
Office of Attorney General Todd Rokita
kristen.harrington@atg.in.gov

Lewis E Maudlin
Lewis Maudlin
lewismaudlin@yahoo.com

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov